# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANOS KOSZTELNIK, | ) Case No. |
| Plaintiff, | ) COMPLAINT AND |
| vs. | ) JURY DEMAND |
| ACCOUNTS RECEIVABLE | ) |
| Defendant. | ) |

Plaintiff, Janos Kosztelnik, ("Plaintiff"), by and through his undersigned attorney, alleges against Accounts Receivable ("Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a strict liability statute which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Janos Kosztelnik, is a natural person, who at all relevant times has resided in the City of Cardington, Morrow County, State of Ohio, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant is a Florida company that does business in the State of Ohio, with its principal place of business mailing address as 1806 33rd Street, Suite 180, Orlando, FL 32839, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.     Plaintiff repeats and realleges the prior statements as if fully set forth herein.

7.     Plaintiff's wife Gabrielle Kosztelnik rented a portable toilet from non-party Atwood Waste. The term of the rental was from October 29, 2014 until December 24, 2014. The total price for the rental was $213.93. Arwood Waste, a waste removal company, secured the portable toilet from a third party.

8.     On November 10, 2014, a payment of $213.93 was made to satisfy the rental charge. On November 12, 2014, a second payment of $213.93 was inadvertently paid. As such, there was an overpayment made of $213.93.

9.     On June 2, 2017, Defendant Accounts Receivable, as collection agency for Arwood Waste, sent a collection letter addressed to Plaintiff, indicating that there was a balance due for the Arwood Waste account of $13,696.26.

10.    In another collection letter dated July 7, 2017, similarly addressed to Plaintiff, Defendant again demanded payment of $13,696.26 to avoid reporting to the three credit reporting agencies.

11.    The debt to Arwood Waste of $213.93 was incurred by Gabrielle Kosztelnick, a non-party to this suit. Regardless, actual debt of $213.93 was paid twice, so a refund is due. As such, there was no debt owed by Gabrielle Kosztelnick, Plaintiff or anyone else.

12.    As a result of the foregoing, Defendant was attempting to collect from Plaintiff a debt that he did not incur and that was not, in any case, owed since it had been previous paid, twice.

Defendant's actions therefore violate the Fair Debt Collection Practices Act, and Plaintiff has been damaged thereby and is entitled to relief.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692e(2)(A) and 1692f

13. Plaintiff repeats and realleges the prior statements as if set forth specifically herein.

14. As a result of the foregoing, Defendant has unlawfully attempted to collect from Plaintiff a debt that he did not owe and which was previously paid twice. No debt is due and owing to Defendant or its client. In fact, a refund is due for the overpayment.

15. As a result of the foregoing, Defendant's actions constitute an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

16. As a result of the foregoing, Defendant's actions also violate 15 U.S.C. §1692e(2)(A) as the false representation of the character, amount or legal status of a debt.

17. As such, Plaintiff has been damaged and is entitled to relief.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### RELIEF

WHEREFORE, Plaintiff, Janos Kosztelnik, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff for the following:

A. Declaring the Defendant's actions, as described above, in violation of the FDCPA;

B. Entering judgment against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. Entering judgment against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Awarding costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E. Granting such other and further relief as may be just and proper.

Dated: October 18, 2017

                                                Respectfully submitted,

                                                /s/ Pamela S. Petas
                                                Pamela S. Petas (0058627)
                                                7439 Montgomery Street, Suite 3
                                                Cincinnati, OH 45236
                                                (513) 328-0995
                                                (513) 812-2992 fax)
                                                ppetas@petaslaw.com
                                                Attorney for Plaintiff
                                                Janos Kosztelnick